NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADEWALE B. IDOWU, | |
| Plaintiff, | Civil No. 08-2294 (KSH) |
| v. | |
| ROBERT BEATON, et al., | O P I N I O N |
| Defendants. | |

APPEARANCES:

Adewale B. Idowu, Pro Se
# 721474C
Southwoods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**HAYDEN, District Judge**

Plaintiff, Adewale B. Idowu, currently incarcerated at the Southwoods State Prison, Bridgeton, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the following reasons, plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff states that on January 27, 2006, while in his motor vehicle, he was pulled over by three officers from the Westfield Police Department; defendant Officer Robert Beaton, defendant Officer Jason Rodger, and defendant Officer Robert Weiss. The officers told him to step out of his car, which he did. While he was standing the officers "jumped on [him] from behind forcefully took [him] down and brutally assaulted [him]." Plaintiff was arrested and taken to the Westfield Police Headquarters, where he was processed and "abandoned for over four hours, in excruciating pain . . . ."

Plaintiff describes his criminal process, and states that on March 13, 2007, a guilty verdict was returned by a jury. On May 4, 2007, plaintiff was sentenced to what appears to be an aggregate sentence of five years with an 85% parole disqualifier.

Plaintiff seeks to sue various defendants under 42 U.S.C. §§ 1983, 1981, and 1985. He seeks to sue the defendant police officers for assaulting him, as well as for searching and seizing his property, denying him access to call his wife after the arrest, denying his requests to see a doctor after the alleged assault, writing a fictitious report which was used in evidence against him, and giving false testimony.

Plaintiff also seeks to sue Captain David Wayman of the Westfield Police Department for bringing a false complaint against him, maliciously prosecuting him, and providing false testimony at his trial.  Further, plaintiff names Mountainside Police Officer Pinoda as a defendant, claiming that Officer Pinoda wrote a false report.  He also seeks to sue Probation Supervisor Rosario Moreno, for writing a false pre-sentence investigation report that was used in his sentencing.

The other defendants named by plaintiff are attorneys and judges: Neal Dougherty and Wayne Morse are Assistant Public Defenders who represented plaintiff.  Defendant Marc D'Arienzo is a private attorney who represented plaintiff at some point.  Jason Curry is an attorney described as "state-appointed co-counsel."  Theodore Romankow is the Union County Prosecutor, while Alfred Brunnetti and Julian Reyes are Assistant Prosecutors.  Plaintiff claims that the Assistant Public Defenders and private attorney defendants did not represent him properly.  He alleges that the prosecutor and assistant prosecutor defendants' actions resulted in an excessive bail and an unfair trial.

Finally, plaintiff names as defendants two judges from the Superior Court of New Jersey, Union County; Judge Scott Moynihan and Judge James Heimlich, who were involved in his trial.  He claims these judges were unfair and made incorrect rulings.

Plaintiff asks for monetary relief and for all charges against him to be dropped, including traffic tickets. He also asks for immediate release.

## DISCUSSION

### A. Standard of Review

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S.

Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to puss muster under the Rule 8 pleading standard. See <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

B.  **42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C. **Plaintiff's Excessive Force Claims Will Be Dismissed.**

Plaintiff claims that defendant officers Beaton, Rodger, and Weiss assaulted him in the course of his arrest. The incident at issue occurred on January 27, 2006. Plaintiff's complaint is signed May 9, 2008.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.

6

1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpubl.); Johnstone v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). The requirement of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, - U.S.-, 127 S. Ct. 1091, 1094 (2007). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states'

7

interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

8

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. at n.9.

Here, according to the allegations of his complaint, plaintiff's excessive force claims against these defendants accrued[1] on January 27, 2006, the date of the alleged assault. His complaint is dated May 9, 2008, more than two years later.[2] Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New

---

[1] A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994) (quoting Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

[2] Although plaintiff's complaint was received by the Clerk of the Court on May 13, 2008, the complaint was signed and dated by plaintiff on May 9, 2008. Therefore, the earlier date is the date utilized in assessing whether or not plaintiff has met the statute of limitations. See Houston v. Lack, 487 U.S. 266 (1988) (providing that the date a prisoner delivers his legal filing to prison authorities for mailing is considered to be the date of the court filing); see also Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). In this case, however, using either date, the complaint remains untimely.

Jersey or federal law. Thus, plaintiff's excessive force claims appear to be time-barred and will be dismissed.

D. **Plaintiff's Request for Release Will Be Dismissed.**

Plaintiff's request for release and dismissal of all charges will be dismissed. In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In this case, to the extent that plaintiff asserts that there were violations in his trial and asks for release, his claims are not cognizable in this § 1983 action. Therefore, in accordance with Preiser, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

E. **Claims of Malicious Prosecution, Investigative and Trial Errors, and Conspiracy Will Be Dismissed.**

Plaintiff claims that he was maliciously prosecuted based upon a conspiracy among attorneys and judges. He alleges that

10

the testimony at trial included a "fake" videotape presented by police officers, and perjured testimony. He alleges that his conviction and sentence were based upon false reports by officers and probation, and that he is wrongfully incarcerated.

In order to state a *prima facie* case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999). Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff. See Lind v. Schmid, 67 N.J. 255, 262 (1975). A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994). Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the

11

date plaintiff receives a favorable termination of the prior criminal proceeding. See Heck v. Humphrey, 512 U.S. 477, 489 (1994). Here, plaintiff has failed to allege a favorable termination of the criminal proceeding. Accordingly, any malicious prosecution claim has not yet accrued and will be dismissed without prejudice.

In addition, liberally construing the complaint, plaintiff alleges that a race-based conspiracy violated his rights under 42 U.S.C. §§ 1981[3] and 1985.[4] Because success on any of these race discrimination claims, as well as the claim of improperly-admitted evidence, would necessarily invalidate plaintiff's conviction, they are premature until such time as plaintiff's

---

[3] In pertinent part, § 1981(a) provides that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory ... to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, ... and exactions of every kind, and to no other." The rights protected by § 1981 are protected against impairment by both governmental and non-governmental discrimination. 42 U.S.C. § 1981(c).

[4] Plaintiff does not state which clause of § 1985 he relies upon. It appears from the allegations of the complaint that he is attempting to assert a claim under the last clause of subsection (b), which provides, in pertinent part, "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws ... [an action for damages will lie]."

12

conviction has otherwise been invalidated, and they must be dismissed without prejudice at this time.

As noted, in <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Id.</u> at 500.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

13

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

14

"Considering <u>Heck</u> and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - <u>if</u> success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

The claims asserted by plaintiff concerning his trial errors and that the defendants conspired to deprive plaintiff of a fair trial, presumably on the basis of his race, are the type of claims that would necessarily demonstrate the invalidity of his conviction.  Accordingly, these claims have not yet accrued and must be dismissed, without prejudice.  See <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007); <u>Adams v. City of Oakland</u>, 1995 WL 150562 (N.D. Cal. 1995).

### F. Plaintiff's Claims Against Attorneys and Judges Will Be Dismissed.

Plaintiff's claims against the defendant attorneys and judges must be dismissed.

15

1. <u>Attorneys</u>

As mentioned, in order to sustain a claim under 42 U.S.C. § 1983, the claims must be against a person acting under color of state law. However, public defenders and privately-retained attorneys are not "state actors" for purposes of § 1983 claims. See <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); <u>Steward v. Meeker</u>, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); <u>Thomas v. Howard</u>, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Therefore, the claims against defendant attorneys Dougherty, Morse, Curry, and D'Arienzo must be dismissed.[5]

Further, prosecutors, such as defendants Romankow, Brunetti, and Reyes, are immune from damages for actions taken in their official prosecutorial capacity. The seminal case on prosecutorial immunity is <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). In <u>Imbler</u>, the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983." 424

---

[5] The Court further notes that although plaintiff may allege facts indicating that he received ineffective assistance of counsel from these defendants, plaintiff has not plead that his conviction has been overturned or reversed on appeal or other collateral review, to allow him to be awarded monetary damages. See <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

16

U.S. at 431. Specifically, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred." Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992); see also Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989).

In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges. See Kulwicki, 969 F.2d at 1464. In this case, the allegations against the defendant prosecutors concern acts that were clearly undertaken in their prosecutorial capacities. Thus, these defendants are immune from suit and plaintiff's claims against these defendants will be dismissed for seeking monetary relief from an immune defendant, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

2. Judges

Likewise, as a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991). The reason for this immunity is described as follows:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have.... [T]his is the principal characteristic that

17

adjudication has in common with legislation and with criminal prosecution, which are the two other areas in which absolute immunity has most generously been provided. If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and itwould manifestly detract from independent and impartial adjudication.

Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000)(citing Forrester v. White, 484 U.S. 219, 226-227 (1988)).

Judicial immunity can be overcome only for actions not taken in a judicial capacity, or for actions taken in a complete absence of all jurisdiction. See Mireles, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester, 484 U.S. at 227.

In this case, the facts alleged by plaintiff indicate that the actions complained of were actions undertaken by the judges in their judicial capacity. Thus, the claims against defendants Moynihan and Heimlich must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), as they are immune from suit.

### G. Claims Against Witnesses

Plaintiff alleges that various witnesses at his trial, named as defendants, provided false testimony leading to his

conviction. However, witnesses, including police witnesses, are absolutely immune from civil damages based upon their testimony. See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983).[6] "The penalty for false testimony is ... a potential prosecution for perjury." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Accordingly, all claims based upon alleged perjury during the testimony at trial must be dismissed with prejudice.

### CONCLUSION

Based upon the foregoing, plaintiff's complaint will be dismissed. The Court will file an appropriate order.

KATHARINE S. HAYDEN
United States District Judge

Dated: 06/18/08

---

[6] This immunity applies to alleged conspiracy claims to present false testimony brought under 42 U.S.C. § 1985. Delaney v. Ashcraft, 2006 WL 2265228, *8 (W.D. Ark. 2006) (citing Snelling v. Westoff, 972 F.2d 199, 200 (8th Cir. 1992)).